### 4191.   ROBERTS *v.* CITY OF COVINGTON.

The evidence raised a suspicion that the accused may have been guilty, but was wholly insufficient to justify his conviction.

DECIDED JUNE 5, 1912.

Certiorari; from Newton superior court—Judge Roan. March 28, 1912.

*A. L. Loyd,* for plaintiff in error. *C. C. King,* contra.

POTTLE, J. The accused was convicted in a municipal court of

having intoxicating liquor for the purpose of unlawful sale. The city marshal testified that the accused was "believed to be a blind tiger of the worst kind," and he had been trying for two years to catch the accused with enough liquor to justify his arrest. Finally one night the accused stopped his buggy near a barber shop, got out of the buggy, and went into the shop. During his absence the marshal went to the buggy and found in it, under an oil-cloth, one gallon bottle filled with whisky, and another gallon bottle with about a quart in it. The arrest of the accused followed. The chief of police testified that he had frequently made unsuccessful efforts to catch the accused selling whisky. It seems that the accused was permitted to testify. He denied having the whisky for the purpose of selling it, claimed that he had gotten it out of the express office some time before, and that he and some other persons had consumed about three quarts of the whisky from one of the bottles. This is all of the evidence.

The accused may have been, and probably was, a "traveling blind tiger," but it takes something more to convict than suspicion or the "belief" of the city marshal that the accused had the whisky for an unlawful purpose. The police were overzealous and sprang the trap too soon. The next time, with the exercise of a little more patience, they may bag the game. The prohibition law encourages generosity. One may give, but not sell his neighbor whisky. Many cities have passed ordinances designed to discourage the possession of whisky for the purpose of sale. Frequently the unlawful purpose can be shown only circumstantially, but when an actual sale or attempt to sell can not be shown, the circumstances proved must be so inconsistent with innocence as to exclude every other reasonable hypothesis than guilt. They were not strong enough in this case.　　*Judgment reversed.*